UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
:
KENNETH GROSS, Administrator of the ESTATE :
OF HARRIET D FEUER,
:
Plaintiff, :
:
v. :
: Case No.
:
: (JURY DEMANDED)
UNITED STATES OF AMERICA, :
:
Defendant. :
:
------------------------------ X

## COMPLAINT FOR A CIVIL CASE

1. This complaint is made by KENNETH GROSS as the Administrator of the ESTATE OF HARRIET D FEUER ("Plaintiff"). Plaintiff's address is 401 E. 88th Street, Apt 13G, New York, NY 10128-6630.

2. Harriet D. Feuer ("Ms. Feuer") is deceased, and her date of death was August 12, 2021. Ms. Feuer died as a resident of Bronx County, New York.

3. Defendant is the United States of America.

4. This is an action for the recovery of taxes and associated penalties and interest erroneously or illegally assessed and collected, and this Court has jurisdiction by reason of 28 U.S.C. §1346(a)(1).

## Jurisdiction and Venue

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1346(a)(1) and the Internal Revenue Code, 26 U.S.C. §7422.

6. Venue in this Court is proper pursuant to 28 U.S.C. §1402(c), which provides that any civil action against the United States may be brought in the judicial district where the plaintiff resides or where the act or omission complained of occurred.

## COUNT I

7. Recovery is sought in the amount of $164,596.98, which consists of tax and associated penalties and interest that was erroneously or illegally assessed and collected from Plaintiff by the Internal Revenue Service ("IRS") for the tax year ending December 31, 2007 ("Tax Year 2007"). Recovery is also sought of additional interest that has accrued from May 16, 2022, the date of the refund claim. A copy of the Plaintiff's 2007 IRS Account Transcript is annexed hereto as **Exhibit A** and made a part hereof.

8. On or about February 7, 2011, the IRS prepared a substitute individual income tax return for Plaintiff for Tax Year 2007, which erroneously over assessed tax against the Plaintiff. **Exhibit A**.

9. On or about September 12, 2011, the IRS assessed additional tax against Plaintiff in the amount of $98,065.00 for Tax Year 2007. **Exhibit A**.

10. On or about September 12, 2011, the IRS imposed a penalty in the amount of $4,241.20 against the Plaintiff for the failure to pre-pay the tax due for Tax Year 2007. **Exhibit A**.

11. On or about September 12, 2011, the IRS imposed a penalty in the amount of $21,301.87 against the Plaintiff for the failure to timely file her tax return for Tax Year 2007. **Exhibit A**.

12. On or about September 12, 2011, the IRS imposed a penalty in the amount of $19,208.37 against the Plaintiff for the failure to timely pay the tax due for Tax Year 2007. **Exhibit A**.

13. On or about September 12, 2011, the IRS charged the Plaintiff interest in the amount of $17,679.55 for Tax Year 2007. **Exhibit A**.

14. On or about June 27, 2012, the IRS sent a Notice of Levy to Ameriprise Financial.

15. On or about June 27, 2012, the IRS levied the Plaintiff's financial account in the amount of $2,058.11 for Tax Year 2007. **Exhibit A**.

16. On or about July 3, 2012, the IRS levied the Plaintiff's financial account in the amount of $162,246.27 for Tax Year 2007. **Exhibit A**.

17. On or about July 30, 2012, the IRS charged the Plaintiff interest in the amount of $3,903.02 for Tax Year 2007. **Exhibit A**.

18. On August 12, 2021, Ms. Feuer passed away.

19. The Statute of Limitations on filing a claim for refund for Tax Year 2007 was tolled from the date of the levy on June 27, 2012 until Plaintiff's date of death on August 12, 2021 by reason of financial disability pursuant to Internal Revenue Code ("IRC") § 6511(h)(1).

20. On or about May 16, 2022, Plaintiff filed a claim for refund in the amount of $164,334.10 with the IRS ("2007 Refund Claim"). A copy of the 2007 Refund Claim is annexed hereto as **Exhibit B** and made part hereof.

21. The Plaintiff filed the 2007 Refund Claim by filing Form 1040, Individual Income Tax Return, for 2007 with the IRS, with a handwritten note on top of the return stating, "STATUTE OF LIMITATIONS SUSPENDED DUE TO FINANCIAL DISABILITY PER REV PROC 99-21. STATEMENTS ATTACHED."

22. As required by Revenue Procedure 99-21, Plaintiff included a statement by a physician in accordance with Rev. Proc. 99-21 Section 4(1).

23. As required by Revenue Procedure 99-21, Plaintiff included a statement by the person signing the claim certifying that no other person had been authorized to act on behalf of Plaintiff in accordance with Rev. Proc. 99-21 Section 4(2). **Exhibit B**.

24. By LTR 105C, dated March 27, 2023, the IRS disallowed the 2007 Refund Claim on the grounds that the Statute of Limitation had expired. A copy of this letter is annexed hereto as **Exhibit C** and made part hereof.

25. Thereafter, Plaintiff filed an appeal with the IRS' Independent Office of Appeals.

26. Plaintiff's appeal was assigned to Revenue Officer Diana Cavalcante ("RO Cavalcante").

27. By letter dated June 7, 2024, RO Cavalcante sustained the denial of Plaintiff's 2007 Refund Claim. A copy of the June 7, 2024 letter is annexed hereto as **Exhibit D** and made part hereof.

28. Plaintiff's 2007 Refund Claim could not be made within two (2) years of payment because Plaintiff was unable to manage her financial affairs due to mental illness.

29. Ms. Feuer had Schizophrenia (Paranoid, Chronic) and Borderline Personality Disorder.

30. Ms. Feuer was treated by Psychiatrist, Dr. Barbara G. Deutsch, M.D. ("Dr. Deutsch") for over 30-years, before her death on August 21, 2021.

31. To support Ms. Feuer's refund claim, Dr. Deutsch provided a letter dated February 8, 2022 detailing Ms. Feuer's medical condition and the impairments caused by her diagnosis, which was submitted with Plaintiff's 2007 Refund Claim. A copy of the February 8, 2022 letter is annexed hereto as **Exhibit E** and made part hereof.

32. Dr. Deutsch stated that following in her letter:

   a. Ms. Feuer's diagnosis impaired her ability to organize and execute in all areas of her life including her finances.

   b. Ms. Feuer was suspicious of everyone including her doctors and family.

   c. Ms. Feuer's "daily functioning was affected/controlled by her paranoia."

   d. Ms. Feuer's condition worsened in 2002, when her husband divorced her.

e. "[A]fter [Ms. Feuer's] divorce, the inability to manage her finances deteriorated even further and by 2007-2008 she was incapable of attending to any financial or administrative task[s] and this continued until her death."

f. In addition to not filing tax returns, Ms. Feuer could not manage her finances in all aspects of her life.

g. Ms. Feuer would fail to make rent payments to the point where she was evicted from her apartment in handcuffs, her car was confiscated for failure to pay garage fees, yet she was continuing to be billed by her automobile company for the failure to cancel the policy, and she never cashed checks which led her money to be sent to the New York State Office of Lost Funds where she would never retrieve it.

h. Ms. Feuer had difficulty keeping and managing appointments, so much so that Dr. Deutsch was required to meet with Ms. Feuer by telephone because she was unable to keep office appointments.

i. Ms. Feuer was unable to comply with a regime for her psychiatric medication.

j. Ms. Feuer was eventually diagnosed with advanced breast cancer as she had failed to go for annual screenings.

k. Ms. Feuer was unable to comply with her oncologists, diagnostic appointments or treatment regimes relating to her breast cancer diagnosis.

l. Ms. Feuer lived secluded in her apartment and isolated from the outside world.

m. Ms. Feuer's paranoia prevented her from accepting offers of help medically or otherwise.

n. Ms. Feuer's apartment was "filthy, there were leaks, mold, exposed pipes, broken utilities, etc." However, despite her apartment being in disarray and in need of

        repair, her paranoia prevented her from allowing a serviceman into the apartment for repairs.

    o. Ms. Feuer was unable to complete her own Medicare/Medicaid applications.

    p. Ms. Feuer died intestate with no arrangements for her burial.

    q. "I can certify to you clearly that to my knowledge [Ms. Feuer] was unable to handle her own financial, emotional, psychiatric and medical affairs during the entire time that I knew her."

33. No other person was authorized to act on behalf of Ms. Feuer from the period June 27, 2012 through August 12, 2021.

34. Plaintiff lacked the ability to function both personally and financially.

35. Plaintiff's condition prevented her from being able to organize and manage her affairs.

36. Plaintiff's condition prevented her from allowing any other people including her family to assist her.

37. Due to Plaintiff's paranoia, she lived secluded and isolated from her family.

38. Mr. Kenneth M. Gross, as the Administrator of the Estate Of Harriet D Feuer, provided a statement dated April 28, 2022, which stated, "Harriet D. Feuer was unmarried since her divorce in 2002, and no person was authorized to act on behalf of [her] in financial matters during the period 2007 until her death in 2021."

39. Mr. Kenneth M. Gross' April 28, 2022 statement was submitted with Plaintiff's refund claims and is annexed hereto as **Exhibit F** and made part hereof.

## COUNT II

40. Recovery is sought in the amount of $82,569.43, which consists of tax and associated penalties and interest that was erroneously or illegally assessed and collected from Plaintiff by the

Internal Revenue Service ("IRS") for the tax year ending December 31, 2008 ("Tax Year 2008"). Recovery is also sought of additional interest that has accrued from May 16, 2022, the date of the refund claim. A copy of the Plaintiff's 2008 IRS Account Transcript is annexed hereto as **Exhibit G** and made a part hereof.

41. On or about August 2, 2010, the IRS prepared a substitute individual income tax return for Plaintiff for Tax Year 2008, which erroneously over assessed tax against the Plaintiff. **Exhibit G**.

42. On or about March 28, 2011, the IRS assessed additional tax against Plaintiff in the amount of $48,638.00 for Tax Year 2008. **Exhibit G**.

43. On or about March 28, 2011, the IRS imposed a penalty in the amount of $1,563.17 against the Plaintiff for the failure to pre-pay the tax due for Tax Year 2008. **Exhibit G**.

44. On or about March 28, 2011, the IRS imposed a penalty in the amount of $10,943.55 against the Plaintiff for the failure to timely file her tax return for Tax Year 2008. **Exhibit G**.

45. On or about March 28, 2011, the IRS imposed a penalty in the amount of $5,836.56 against the Plaintiff for the failure to timely pay the tax due for Tax Year 2008. **Exhibit G**.

46. On or about March 28, 2011, the IRS charged the Plaintiff interest in the amount of $4,681.57 for Tax Year 2008. **Exhibit G**.

47. On or about December 26, 2011, the IRS charged the Plaintiff collection fees in the amount of $80.00 for Tax Year 2008. **Exhibit G**.

48. On or prior to February 17, 2012, the IRS sent a Notice of Levy to Ameriprise Financial.

49. On or about February 17, 2012, the IRS levied the Plaintiff's financial account in the amount of $1,733.26 for Tax Year 2008. **Exhibit G**.

50. On or about July 3, 2012, the IRS levied the Plaintiff's financial account in the amount of $81,272.17 for Tax Year 2008. **Exhibit G**.

51. On or about July 30, 2012, the IRS charged the Plaintiff interest in the amount of $3,132.26 for Tax Year 2008. **Exhibit G**.

52. On or about July 30, 2012, the IRS imposed a penalty in the amount of $6,262.28 against the Plaintiff for the failure to timely pay the tax due for Tax Year 2008. **Exhibit G**.

53. On August 12, 2021, Ms. Feuer passed away.

54. The Statute of Limitations on filing a claim for refund for Tax Year 2008 was tolled from the date of the levy on February 17, 2012 until Plaintiff's date of death on August 12, 2021 by reason of financial disability pursuant to IRC § 6511(h)(1).

55. On or about May 16, 2022, Plaintiff filed a claim for refund in the amount of $82,569.43 with the IRS ("2008 Refund Claim").

56. Plaintiff filed the 2008 Refund Claim by filing Form 1040, Individual Income Tax Return, for 2008 with the IRS, with a handwritten note on top of the return stating, "STATUTE OF LIMITATIONS SUSPENDED DUE TO FINANCIAL DISABILITY PER REV PROC 99-21. STATEMENTS ATTACHED." A copy of this claim is annexed hereto as **Exhibit H** and made part hereof.

57. As required by Revenue Procedure 99-21, Plaintiff included a statement by a physician in accordance with Rev. Proc. 99-21 Section 4(1).

58. As required by Revenue Procedure 99-21, Plaintiff included a statement by the person signing the claim certifying that no other person had been authorized to act on behalf of Plaintiff in accordance with Rev. Proc. 99-21 Section 4(2).

59. By LTR 105C, dated March 27, 2023, the IRS disallowed the 2008 Refund Claim on the grounds that the Statute of Limitations had expired. A copy of this letter is annexed hereto as **Exhibit I** and made part hereof.

60. Thereafter, Plaintiff filed an appeal with the IRS' Independent Office of Appeals.

61. Plaintiff's appeal was assigned to Revenue Officer RO Cavalcante.

62. By letter dated July 12, 2024, Plaintiff was notified by the Office of the Taxpayer Advocate that her appeal had been closed. A copy of the July 12, 2024 letter is annexed hereto as **Exhibit J**.

63. Plaintiff's 2008 Refund Claim could not be made within two (2) years of payment because Plaintiff was unable to manage her financial affairs due to mental illness.

64. No other person was authorized to act on behalf of Ms. Feuer from the period February 17, 2012 through August 12, 2021.

65. Plaintiff restates and realleges paragraphs 29 through 39 of this Complaint.

Dated: New York, New York
February 13, 2025

                POLSINELLI PC

                By: */s/ Scott S. Ahroni*
                     SCOTT S. AHRONI
                     600 Third Avenue, 42nd Floor
                     New York, New York 10016
                     (212) 413-2890
                     Fax No. (212) 684-0197
                     sahroni@polsinelli.com

                     *Attorneys for KENNETH GROSS as the Administrator of the ESTATE OF HARRIET D FEUER*